IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GIGI W. GARDNER                                                                           PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 2:11cv255KS-MTP

BILL COOKSEY, D/B/A COOKSEY TIRE SERVICE;
AND FORD MOTOR COMPANY                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Remand **[#5]** filed on behalf of the plaintiff, Gigi W. Gardner.  The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion to remand should be denied.  The court specifically finds as follows;

## BACKGROUND

This is a products liability action in which Gigi W. Gardner (Gardner) alleges that two products were defective: a 2000 Ford Explorer and its right rear Uniroyal tire.  On November 4, 2008, Gardner was driving a 2000 Ford Explorer on I-59 North in Jones County, Mississippi.  Gwendolyn Walker was riding in the front-right passenger seat of the vehicle.  Gardner lost control of the vehicle and ran off the road.  The vehicle overturned, and Walker died as a result of the accident.  Gardner suffered serious injuries.

In December 2009, Tamara Walker, on behalf of the wrongful death beneficiaries

of Gwendolyn Walker, filed suit against Ford Motor Company and Gigi Gardner in Jones County Circuit Court.  Walker alleged that the vehicle's defective design and Gardner's negligent driving caused Walker's injuries and death.  James Nobles represented Walker in her suit against Ford and Gardner.  Walker's claims against both defendants were resolved before trial.

The action presently before the Court was filed two years later in November 2011 in Jones County Circuit Court.  Gardner asserts products liability claims against Ford Motor Company and Bill Cooksey, d/b/a Cooksey Tire Service (Cooksey), contending that the vehicle and a Uniroyal tire were defective.  James Nobles now represents Gardner.  Ford removed this case to this Court on December 29, 2011 asserting that Cooksey had been improperly joined.

The Complaint includes claims against Mississippi resident Bill Cooksey, d/b/a Cooksey Tire Service for breach of express warranty, breach of implied warranty of merchantability under Miss. Code Ann.§ 75-2-314 (1972), and breach of the implied warranty of fitness under Miss. Code Ann. §75-3-315 (1972).  Gardner contends that these claims are based on Cooksey's status as a merchant in the business of selling used tires, his sale of the used Uniroyal tire and representation made by him regarding the suitability, quality, durability and safety of the Uniroyal tire, the failure of which contributed to the accident described in the Complaint.

Gardner has filed the present motion to remand this action to Jones County Circuit Court.  She asserts two arguments in support of her motion: (1) implied warranty claims are not abrogated by the Mississippi Products Liability Act (MPLA); and (2) removal was procedurally improper for failing to satisfy the rule of unanimity.  Ford

argues that the MPLA protects Cooksey and other innocent sellers from implied warranty claims and that an improperly joined defendant need not join in a removal petition.

## **LAW AND ANALYSIS**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that Court.  See *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this Court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'"  *England v. Louisiana Medical Examiners*, 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one.*"* *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must show either that there is no reasonable "possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."  *Id.* at 549;(citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones*

*Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962) (*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964))

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant, Cooksey.  *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986).  Those allegations must be construed most favorably to Gardenr as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of her.  *B. Inc.*, 663 F.2d at 549. *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).  Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined.  See *Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001).  Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against Magco. *Badon*, 224 F.3d at 390.

Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit has

held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (internal footnotes omitted) (*cert. den.* 125 S.Ct. 1825, 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)).  However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.  In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

Gardner's only claim against Cooksey is based upon the alleged sale of a Uniroyal tire.  Notwithstanding the fact that there is proof that Cooksey did not sell the tire, Ford argues Gardner's claims against Cooksey fail even when taking the allegations of the complaint as true and viewing them in a light most favorable to her.

Gardner is correct that the MPLA (Miss. Code Ann. § 11-1-63) does not abrogate a statutory cause of action for breach of implied warranty as a ground for recovery, or, for that matter, any warranty claims. *McKee v. Bowers' Windows & Door Co., Inc.* 64 So. 3d 926, 940 (Miss. 2011); *Bennett v. Madakasira*, 821 So. 2d 794, 808 (Miss. 2002). Further, Miss. Code Ann. § 75-2-715 provides for damages for personal injury resulting from any breach of warranty.

However, Gardner's contention simply misses the mark. Her implied warranty claim was not abrogated by the MPLA, but the MPLA's innocent seller provision prevents her from pursuing such a claim against Cooksey, an innocent seller. Gardner does not dispute that Cooksey is an innocent seller and cites no valid law in support of her position that her implied warranty claims are not subject to the innocent seller immunity.

The so-called "innocent seller exception" of the MPLA is codified in § 11-1-63 (h), which provides:

> **(h)**    in any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of the product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

The plain text of the MPLA is clear and unambiguous: it applies to "any action for damages caused by a product." *Id.* The innocent seller provision of the MPLA immunizes sellers of a product from liability unless they exercised "substantial control"

over an aspect of the product that is claimed to be defective or otherwise modified the product. *Id.* The stated purpose of the innocent seller protection is to "immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product." *Id.*

In her motion, Gardner contends that "claims based on implied warranties under Mississippi's version of the Uniform Commercial Code are independent of and not subject to the provisions of Mississippi's Product Liability Statute."   Gardner is mistaken. This Court has directly addressed and rejected Gardner's contention on multiple occasions. *See, e.g. Jones v. General Motors Corp.*, No. 3:06-cv-00608, 2007 WL 1610478 at *3 (S.D. Miss. June 1, 2007); and *Collins v. Ford Motor Co.*, 2006 WL 2788564, at *1 (S.D. Miss Sept. 26, 2006).  The issue in Jones was identical to the issue here: "whether the immunity stated in § 11-1-63(h) is limited to claims pled under [the MPLA] or whether the immunity extends to [all of] the types of cases described in § 11-1-63 (*i.e.*, all claims, no matter how they are pled, for damages caused by an allegedly defective product . . . .)"  *Id.* at *2. (parentheses original).

This Court specifically determined that the MPLA "immunizes innocent sellers against breach of implied warranty claims brought in product liability actions."  *Id.* at *3. The Northern District of Mississippi also adopted this Court's interpretation of the statute, finding that to hold otherwise would completely "erode the rules of innocent seller liability.*" Land v. Agco Corp.*, No. 1:08-cv-012, 2008 WL 4056224 at *3 (N.D. Miss. Aug. 25, 2008) (also collecting cases adopting this Court's approach).

The MPLA applies to "any action for damages caused by a product[.]"  Miss. Code Ann. § 11-1-63.  The present action is "for damages [allegedly] caused by a product."  If

Gardner's claims against Cooksey were allowed to proceed, she will have successfully "circumvent[ed] the statute by simply proceeding under an implied warranty . . . theory," and in so doing, she will have rendered the innocent seller provision of the MPLA "an exercise in futility and irrelevancy." Gardner cannot recover from Cooksey, as an innocent seller. Thus, Cooksey was improperly joined and Gardner's motion to remand shall be denied.

Gardner also argues that this case should be remanded because the removal petition fails to join all the defendants. As a general rule, all served defendants must join in the Petition for Removal no later than thirty (30) days from the day in which the first defendant was served. *Moody v. Commercial Insurance Co. of Newark New Jersey*, 753 F.Supp. 198 (N.D. Texas 1990) (citing *Getty Oil Corp. v. Ins Co. of North America,* 841 F.2d 1264, 1263 (5th Cir. 1988). This general rule is subject to three well recognized exceptions. *See Jones v. Watts*, 2011 WL 2160915, at *5 (S.D. Miss. June 1, 2011). The very first exception provides that "[c]onsent to removal is not required from . . . improperly or fraudulently joined parties." *Id.* (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)). Cooksey was not required to join in the Notice of Removal, and Gardner's procedural argument fails.

The Court finds that Cooksey was improperly joined as a defendant in this action as Gardner cannot recover against Cooksey because the MPLA immunizes innocent sellers from all products liability claims, including implied warranty claims. For this reason, Cooksey is not a proper defendant and was not required to join in Ford's Notice of Removal.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#5]**

filed on behalf of the plaintiff, Gigi W. Gardner, is denied and defendant Bill Cooksey, d/b/a Cooksey Tire Service is dismissed with prejudice.

Additionally, the stay is lifted in this case and the attorneys for the parties are directed to contact the chambers of Magistrate Judge Michael T. Parker within ten days from the date of this order to set a scheduling conference in this matter.

SO ORDERED AND ADJUDGED this the 21st day of March, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE